The ACME–ARSENA COMPANY, INC.,
Petitioner, Cross-Respondent,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent,
Cross-Petitioner.

Nos. 85–5974, 85–6104.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 10, 1986.

Decided Nov. 7, 1986.

Michael I. Greenwald (argued), Barragate and Barragate, Cleveland, Ohio, for petitioner, cross-respondent.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., Dawn Sikkema, Corrina Metcalf (argued), Frederick Calatrello, N.L.R.B., Region 8, Cleveland, Ohio, for respondent, cross-petitioner.

Before KRUPANSKY and RYAN, Circuit Judges, and EDWARDS, Senior Circuit Judge.

PER CURIAM.

This case involves the discharge by petitioner Acme-Arsena of an active union steward, Celli, who was given to employing vulgar language in the conduct of his steward duties. Celli was fired when he threatened, in the course of one of these grievance discussions with management, to "drop-a-dime." Petitioner contends that by that phrase, Celli meant a threat to call the IRS and suggest that they take a look at the company's books.

The NLRB found that these facts did not mitigate against the finding of unfair labor practices in relation to Celli's discharge as found by the ALJ. Subsequent to an initial finding by the ALJ and an appeal by the company, the NLRB remanded for a supplemental decision as to whether or not the discharge would have taken place under the standards set forth in the *Wright Line* case:

> Thus, for the reasons set forth above, we shall henceforth employ the following causation test in all cases alleging violation of Section 8(a)(3) or violations of Section 8(a)(1) turning on employer motivation. First, we shall require that the General Counsel make a prima facie showing sufficient to support the inference that protected conduct was a "motivating factor" in the employer's decision. Once this is established, the burden will shift to the employer to demonstrate that the same action would have taken place even in the absence of the protected conduct.

*Wright Line, Inc.,* 251 NLRB 1083, 1089 (1980).

The ALJ made a careful review of the previous incidents and safety issues in which Celli had been involved in arguments with management and found them to be protected activity under the Act and that Celli's profane language was not egregious conduct which exceeded the bounds of pro-

tected activity. By this finding, Celli met the first prong of the *Wright Line* test and thus the burden shifted to the company to demonstrate that the discharge would have taken place in the absence of protected conduct. This burden, the ALJ found, had not been met.

Our review of the record indicates that there is substantial evidence to support the findings and conclusions of the ALJ and the Board. The Board's order will be enforced.